UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENYELLE JONES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PLEASANT VALLEY STATE PRISON, et al.,<br><br>　　　　Defendants. | CASE NO. 1:14-cv-00457-LJO-MJS<br><br>FINDINGS AND RECOMMENDATION THAT THIS ACTION BE DISMISSED FOR FAILURE TO PROSECUTE<br><br>(ECF NO. 3)<br><br>FOURTEEN (14) DAY DEADLINE |

　　　　Plaintiff Benyelle Jones, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 31, 2014. (ECF No. 1.) On April 1, 2014, the Court issued the First Informational Order and Order re Consent, which was returned by the United States Postal Service as undeliverable on April 9, 2014.

　　　　Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the Court apprised of his or her current address at all times. Local Rule 183(b) provides, in pertinent part:

1

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and he has not notified the Court of a current address.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted as there are no other reasonable alternatives available.  Carey, 856 F.2d at 1441.

Accordingly, the Court HEREBY RECOMMENDS DISMISSAL of this action, without prejudice, based on Plaintiff's failure to prosecute.  Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive

the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 24, 2014            /s/ *Michael J. Seng*
                                                            UNITED STATES MAGISTRATE JUDGE